IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VALERIE ANN POHL,

        Plaintiff,

v.                                                                       CIV 1:22-0339 DHU/DLM

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Plaintiff Valerie Ann Pohl's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (Doc. 20), and on Defendant's Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 22). Having considered the record, submissions of counsel, and relevant law, the Court recommends that the matter be remanded for further proceedings consistent with this Opinion.[1]

**I.    Procedural History**

This is Ms. Valerie Ann Pohl's second appeal to the United States District Court on her claims for disability benefits. On July 17, 2015, Pohl filed an application with the Social Security Administration for Supplemental Security Income (SSI) under Title XVI of the SSA, and on July 21, 2015, she filed an application for a period of disability and disability insurance benefits (DIB)

---

[1] United States District Judge David H. Urias entered an Order of Reference Relating to Social Security Appeals on April 28, 2023, referring this case to the undersigned Magistrate Judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 35.)

under Title II of the Social Security Act (SSA). (Administrative Record[2] (AR) at 105–06.) Pohl alleged a disability onset date of May 29, 2015. (*Id.* at 81, 93.) Disability Determination Services (DDS) determined that Pohl was not disabled initially and on reconsideration. (*Id.* at 81–104, 107–32.) Pohl requested a hearing with an Administrative Law Judge (ALJ). (*Id.* at 153–54.)

Both Pohl and a vocational expert (VE) testified during the *de novo* hearing on June 20, 2018. (*See id.* at 39–80.) ALJ Lillian Richter issued an unfavorable decision on January 30, 2019. (*Id.* at 20–33.) Plaintiff submitted a Request for Review of Hearing Decision/Order to the Appeals Council (*id.* at 217–19), which the Council denied on December 9, 2019 (*id.* at 1–4). Pohl then appealed the decision to this Court. (*See id.* at 1265–83.)

On January 6, 2020, while her appeal to this Court was pending, Pohl filed a second application for DIB, alleging a disability onset date of January 31, 2019, the day after ALJ Richter's decision was issued. (*See id.* at 1257–64.) Pohl was found disabled as of January 31, 2019, due to migraines. (*Id.* at 1263.)

On March 11, 2021, the Court granted Pohl's motion to remand the Commissioner's original decision denying benefits on the basis that "the ALJ failed to properly weigh the opinion of [the] examining psychologist Dr. Eligio R. Padilla." (*See id.* at 1265.) On July 12, 2021, the Appeals Council vacated the ALJ's decision for the period prior to January 31, 2019. (*See id.* at 1287.)

ALJ Michelle Lindsay held a second *de novo* hearing on March 3, 2022, at which Pohl and another VE testified. (*See id.* at 1190–1223.) ALJ Lindsay issued an unfavorable decision on March 23, 2022, finding that Pohl was not disabled between May 29, 2015, and January 30, 2019.

---

[2] Document 17 contains the sealed Administrative Record. (Docs. 14-2–9.) The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

(*Id.* at 1166–81.) There is no evidence that Pohl asked the Appeals Council to review ALJ Lindsay's decision, making that decision the final decision of the Commissioner 60 days after March 23, 2022. *See* 42 U.S.C. § 405(g). Pohl filed suit in this Court seeking review of the decision on May 4, 2022. (Doc. 1.)

Pohl filed a motion to reverse and remand on October 4, 2022. (Doc. 20.) Rather than filing a responsive brief, the Commissioner filed a motion to remand for further proceedings under Sentence Four of 42 U.S.C. § 405(g). (Doc. 22.) Pohl opposes the motion and seeks an immediate award of benefits. (Doc. 23.)

## II.     The Sequential Evaluation Process and the ALJ's Findings

"The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant is eligible for disability benefits, the Commissioner follows a sequential evaluation process. 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) she is not "doing substantial gainful activity"; (2) she has a severe impairment or combination of impairments that has lasted or is expected to last for at least one year; and (3) her impairments meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), she is unable to perform her past relevant work. 20 C.F.R § 404.1520(a)(4)(i)–(iv); *see also* 20 C.F.R. § 404.1509; *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). RFC is an assessment of how a claimant's impairments affect her capacity to work and of what she "can still do despite . . . her limitations."

SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient [RFC] to perform work in the national economy, given [her] age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

Here, ALJ Lindsay first found that Pohl "met the insured status requirements of the Social Security Act through December 31, 2020." (AR at 1168.)

At Step One of the process, ALJ Lindsay found that Pohl "has not engaged in substantial gainful activity since May 29, 2015, the alleged onset date." (*Id.* at 1169 (citing 20 C.F.R. §§ 404.1571–76, 416.971–76).)

At Step Two, the ALJ concluded that Pohl "had the following severe impairments: early degenerative changes of the cervical spine, fibromyalgia, obesity, obstructive sleep apnea, a headache disorder, major depression, dysthymia, generalized anxiety disorder, and a post-traumatic stress disorder . . . ." (*Id.* at 1169 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).) The ALJ noted that Pohl had the following non-severe impairments: "hypertension, diabetes mellitus, mild chronic kidney disease, and syncope . . . ." (*Id.*)

At Step Three, the ALJ found that Pohl "did not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." (*Id.* (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).) At Step Four, the ALJ considered the evidence of record and found that Pohl

> has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.976(b) except she can frequently climb stairs and ramps, but can never climb ladders, ropes, or scaffolds. She can frequently balance, stoop, crouch, kneel, and

> crawl. She cannot work in bright sunlight but can work under general indoor lighting conditions. She cannot work in more than moderate noise. She must completely avoid unprotected heights and hazardous machinery. [She] is able to understand, remember, and carry out simple instructions with a reasoning level of no more than 2. She is able to maintain attention and concentration to perform and persist at simple tasks at a reasonable pace for two hours at a time without requiring redirection to task. She can have occasional interaction with the general public. Interactions with co-workers and supervisors should be superficial and incidental to the work performed. She requires work involving no more than occasional change in the routine work setting.

(*Id.* at 1172.) Based on her review of the record and the testimony of the VE, ALJ Lindsay found that Pohl "was unable to perform any past relevant work." (*Id.* at 1179 (citing 20 C.F.R. §§ 404.1565, 416.965).) The ALJ ultimately determined that Pohl "has not been under a disability, as defined in the Social Security Act, from May 29, 2015, through the date of [the] decision." (*Id.* at 1181 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).)

### III.     Legal Standard

The Court reviews the Commissioner's decision to determine whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's factual findings. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While a deficiency in either area is grounds for remand, *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012), the Court may neither reweigh the evidence nor substitute its judgment for the agency's, *see Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

Where, as here, the Commissioner moves to remand, the Court has discretion to remand for further fact-finding or for an immediate award of benefits. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In making this decision, courts consider "the length of time the matter has been pending," *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (citing *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993)), "and whether or not 'given

5

the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" *Id.* (quoting *Harris v. Sec'y of Health & Human Servs.*, 821 F.2d 541, 545 (10th Cir. 1987)).

## IV.   Discussion

In her Motion to Reverse and Remand, Pohl argues that remand is warranted for three reasons: (1) the RFC is not based on substantial evidence because the ALJ "failed to account for [her] subjective allegations of pain and other symptoms"; (2) the ALJ failed to properly assess the opinions of treating physicians Baljinder Sandhu, MD, and Wei Wei Dai, DO; and (3) the ALJ failed to properly weigh the opinion of examining psychologist Eligio Padilla, PhD. (Doc. 20 at 1.) Pohl seeks a remand for an immediate award of benefits or for a rehearing. (*See id.*)

The Commissioner, rather than filing a response brief, moves to remand under sentence four of 42 U.S.C. § 405(g). (Doc. 22.) The Commissioner agrees that further proceedings are warranted and states that on remand, "[t]he Appeals Council will instruct the ALJ to further consider [Pohl's] functional abilities . . . and to obtain medical expert evidence as warranted." (*Id.* at 1.) Pohl responds and argues that the matter "should be remanded for an immediate award of benefits" because it "has been pending for over seven (7) years." (Doc. 23 at 1.) She asserts that "because [her] alleged onset date is May 29, 2015," and she has already testified at two hearings, "it is unlikely that further fact-finding would serve any useful purpose." (*Id.*)

In her reply brief, the Commissioner contends that an immediate award of benefits is inappropriate because "the record contains conflicting evidence" of Pohl's impairments and ability to function. (Doc. 28 at 4–5.) Thus, the question before the Court is whether to remand for an immediate award of benefits, as Pohl urges, or for further proceedings, as the Commissioner requests.

### A. Allegations of error.

Pohl first argues that the RFC is not based on substantial evidence because the ALJ failed to account for her allegations of fibromyalgia-related pain. (Doc. 20 at 8–10.) The "ALJ must evaluate a claimant's subjective allegations of pain when a claimant proves 'by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain.'" *Rico v. Saul*, CV No. 18-0291 LF, 2020 WL 1677075, at *4 (D.N.M. Apr. 6, 2020) (quoting *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993)). Pohl was required to show a "loose nexus" between her impairment (fibromyalgia) and her allegations of pain and that, "considering all the evidence, both objective and subjective, [her] pain is in fact disabling." *Id.* (quoting *Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004)). "The Tenth Circuit established a framework for analyzing evidence of disabling pain in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), referred to as the '*Luna* factors.'" *Id.* (quoting *Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 795 (10th Cir. 2013)). They include, for example, medications and their effectiveness, attempts to obtain relief, and daily activities. *See id.*; *see also* SSR 16-3p, 2016 WL 1119029, at *7–8. (Mar. 16, 2016).

Pohl argues that although the ALJ found that fibromyalgia was a severe impairment, she "failed to complete any of the *Luna* analysis prongs with regard to [the effects of her] fibromyalgia." (Doc. 20 at 10.) The Court does not necessarily agree that the ALJ failed *completely* to discuss the *Luna* prongs, but it does agree that the decision was lacking. (*See, e.g.*, AR at 49 (Pohl's hearing testimony that fibromyalgia causes her pain in her wrists, ankles, and knees and that she takes gabapentin for the pain), 1173 (ALJ decision noting that Pohl alleges pain in her ankles and wrists for which she takes Gabapentin), 1202, 1214–15 (Pohl's hearing testimony that she had to sit down and stand up a lot due to pain from fibromyalgia), 1173 (ALJ decision

7

reviewing Pohl's testimony regarding her problems sitting and standing).) Ultimately, the Court agrees with Pohl that "it is not clear whether the RFC is based on substantial evidence because the ALJ did not properly perform a proper subjective-allegations analysis with regard to [her] fibromyalgia." (*See* Doc. 20 at 10.)

Pohl next contends that the ALJ failed to properly weigh the opinions of her treating physicians, Drs. Sandhu and Dai. (*Id.* at 11–17.) Under the treating physician rule applicable to this case (*see id.* at 11 n.7), the Commissioner generally affords more weight to opinions from treating sources than from non-treating sources. *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004); 20 C.F.R. § 404.1527(d)(2). The ALJ first determines whether an opinion should receive "controlling weight." *See Langley*, 373 F.3d at 1119. If an ALJ declines to give a treating physician's opinion controlling weight, the opinion is "still entitled to deference and must be weighed using" the factors discussed in 20 C.F.R. §§ 404.1527(c)(2)–(6) and 416.927(c)(2)–(6). *Id.*

Drs. Sandhu and Dai both opined as to Pohl's migraine-related limitations. (*See* AR at 1512, 2701.) The ALJ gave partial weight to Dr. Sandhu's opinion and no weight to Dr. Dai's opinion. (*See id.* at 1179.) Pohl argues that "[t]he ALJ's reasoning does not justify the weight given" to either. (Doc. 20 at 13, 16.) The Court agrees that the ALJ largely failed to analyze the relevant factors in weighing these treating physician opinions. The Commissioner apparently agrees as well, focusing her brief on the "conflicting evidence in the record regarding the severity of [Pohl's] migraine disorders . . . during the relevant period at issue here (May 25, 2015 through January 30, 2019)." (Doc. 28 at 5.)

Finally, Pohl argues that the ALJ improperly weighed the opinion of her examining psychologist, Dr. Padilla. (Doc. 20 at 17.) The ALJ gave Dr. Padilla's opinion little weight. (AR

at 1178.) Pohl argues that the ALJ picked and chose findings from the record in making this determination. (*See* Doc. 20 at 22–23.)

### B.  The Court will remand for further fact-finding.

Although this matter has been pending for approximately eight years, the Court declines to remand for an immediate award of benefits because further fact-finding is appropriate.

#### 1.  Length of Time

Pohl filed her initial applications eight years ago, and this is her second appeal to this Court. She argues that these circumstances warrant an immediate award of benefits. (Doc. 23 at 2.) She cites *Benson v. Saul*, No, 19-cv-0457 SMV, 2020 WL 3448046 (D.N.M. June 24, 2020), in support. (*See id.*) The *Benson* claimant's disability claim had been pending for over ten years and was on its third appeal. 2020 WL 3448046, at *7. Thus, the proceedings in the *Benson* claim were more protracted than they are in this matter. Such is the trend in this district—in considering opposed motions filed by the Commissioner, many cases that are remanded for an immediate award of benefits have been pending for longer than eight years and/or have been appealed to the district court more than two times. *See, e.g.*, *Maldonado v. Kijakazi*, No. 1:22-CV-0554 DLM, 2023 WL 4235637, at *3–4 (D.N.M. June 28, 2023) (remanding for immediate award of benefits where the disability claim was still "unresolved after more than seven years and three appeals to this Court"); *Tilla v. Kijakazi*, No. CV 22-04 JFR, 2022 WL 16572392, at *12 (D.N.M. Nov. 1, 2022) (ten years and three appeals); *Jennifer S. v. Kijakazi*, No. 20-CV-1021-SCY, 2022 WL 860369, at *11 (D.N.M. Mar. 23, 2022) (11 years and three appeals); *Rees v. Kijakazi*, No. 2:20-00575-KWR-LF, 2021 WL 5416225, at *9 (D.N.M. Nov. 19, 2021), *R&R adopted*, 2021 WL 5769476 (D.N.M. Dec. 6, 2021) (ten years and three appeals); *Mendoza-Martinez v. Kijakazi*, No. 20-CV-0310 SMV, 2021 WL 5207074, at *9 (D.N.M. Nov. 9, 2021) (12 years with three appeals). Consequently, the

9

Court does not find that the time this matter has been pending conclusively tips the scale toward an immediate award of benefits.

Pohl cites *Salazar v. Barnhart*, a case in which the Tenth Circuit remanded for an immediate award of benefits where the claim had been pending for five years and involved only one appeal. (Doc. 23 at 2–3 (citing 468 F.3d at 626).) *Salazar* involved a claimant who alleged disability based on mental impairments and drug and alcohol addiction. 468 F.3d at 616–17. The ALJ "found that if [the claimant] stopped using drugs and alcohol she would not be disabled." *Id.* at 617. The Tenth Circuit found, however, that the ALJ failed to consider at least one of the claimant's mental impairments, which may have "account[ed] for her abuse of drugs and alcohol, as well as" other self-harming conduct documented in the record. *Id.* It went on to state that it was "difficult to imagine that any medical or psychological professional would be able to prepare a retrospective analysis of [the claimant's] mental impairments" from five years prior, "or the effect of her [drug and alcohol addiction]." *Id.* at 626. "This, along with the lack of evidence that she would not be disabled in the absence of her [drug and alcohol addiction], [led the Tenth Circuit] to conclude that a remand for additional fact finding and a correct application of the law would serve no useful purpose." *Id.* Here, however, the ALJ did not find that Pohl "would not be disabled" if she did or did not take some action. Moreover, as discussed below, further fact-finding and proper analysis of Pohl's allegations of pain and other symptoms and of the treating physician opinions will serve a useful purpose. Thus, *Salazar* is distinguishable from this case.

### 2. Further fact-finding will serve a useful purpose.

Here, the Commissioner asks the Court to remand for further fact-finding on the limitations Pohl experienced due to her migraines. (Doc. 28 at 4–7.) Pohl agrees that the ALJ failed to adequately analyze her pain-related symptoms, which presumably includes pain associated with

migraines. She also alleges that the ALJ failed to properly weigh two treating physician opinions, both of which are relevant to her migraine-related limitations. The Court finds that further fact-finding and analysis of these matters is particularly important where the ALJ found that Pohl suffers from fibromyalgia, which is "a pain-producing impairment . . . ." *See Rico*, 2020 WL 1677075, at *4. "The ALJ may also need to elicit new vocational expert testimony in light of any changes made to [Pohl's] RFC upon reconsideration of the evidence." *Massengill ex rel. Massengill v. Colvin*, No. 2:13-CV-01085-JB-CG, 2014 WL 12786911, at *9 (D.N.M. Oct. 30, 2014), *R&R adopted sub nom.*, 2014 WL 6983240 (D.N.M. Nov. 30, 2014). In sum, the Court finds that further fact-finding is required to weigh the evidence and determine whether Pohl's allegations establish a disabling impairment.

Having reviewed the record, the Court agrees with the Commissioner "that the record contains conflicting evidence and thus this matter should be remanded for further proceedings." (Doc. 28 at 4 (quoting *Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017)).) *See also Chavez v. Saul*, No. CV 20-210 CG, 2021 WL 268172, at *4 (D.N.M. Jan. 27, 2021) (remanding for further fact-finding where the ALJ improperly assessed five medical opinions because the record contained contradictory evidence of limitations). For example, the record contains records that demonstrate Pohl "reported significant improvement in the frequency and/or intensity of her migraines following" various treatments. (Doc. 28 at 5 (citing AR at 365, 577, 671–72, 690–91, 708, 710, 742–43, 812).) "Under these circumstances, the Court will take heed not to assume the role of fact-finder and substitute its judgment for that of the Commissioner." *See Massengill*, 2014 WL 12786911, at *9 (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)).

### V. Conclusion

The undersigned recommends granting Pohl's motion in part, granting the Commissioner's

motion, and remanding for further proceedings relevant to the issues Pohl identified in her motion: a thorough analysis of Pohl's subjective allegations of pain and other symptoms and reassessment of the opinions of Drs. Sandhu, Dai, and Padilla.

**IT IS HEREBY RECOMMENDED** that Pohl's Motion to Reverse and Remand (Doc. 20) be **GRANTED in part** as outlined above;

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) be **GRANTED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE